IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONNA W. GRISSETT and ) <br> JUSTIN R. JACOBS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> CHARTER COMMUNICATIONS, ) <br> INC. d/b/a SPECTRUM, ) <br> ) <br> Defendant. ) | CIVIL ACTION NUMBER: <br> CV-25- <br> JURY DEMAND |

# **COMPLAINT**

1.  This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (hereinafter "ADEA") which provides for relief against discrimination in employment on the basis of age. Specifically, Plaintiffs, Donna W. Grissett and Justin R. Jacobs, allege that Defendant discriminated against them based upon their age in the terms and conditions of their employment, specifically their terminations. Plaintiffs seek compensatory and liquidated damages and request a jury trial pursuant to 42 U.S.C. §1981a.

2.  Plaintiffs allege Defendant unlawfully discriminated against them

1

based on age in the terms and conditions of their employment including, but not limited to, their terminations.

## JURISDICTION AND VENUE

3. The unlawful employment practices alleged hereinbelow were committed by the Defendant within this District. Venue is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

4. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. §2000e-5; and 42 U.S.C. §§12112, 12117(a) and 12203, which incorporates by reference The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

5. Jurisdiction over this action is also conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6. Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

7. Plaintiffs request a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## PARTIES

8. Plaintiff Donna W. Grissett (hereinafter sometimes referred to as "Plaintiff Grissett" or "Grissett") is a female over the age of forty (40), a citizen of the United States, and a resident of the State of Alabama. Plaintiff Grissett was formerly employed by Defendant.

9. Plaintiff Justin R. Jacobs (hereinafter sometimes referred to as

"Plaintiff Jacobs" or "Jacobs") is a male over the age of forty (40), a citizen of the United States, and a resident of the State of Alabama. Plaintiff Jacobs was formerly employed by Defendant.

10. Defendant, Charter Communications, Inc. d/b/a Spectrum (hereinafter sometimes referred to as "Charter/Spectrum" or "Defendant") is an employer within the meaning of the ADEA. At all times relevant to this action, Charter/Spectrum has employed at least twenty (20) or more employees within the meaning of the ADEA, 29 U.S.C. §630(b).

11. Charter Communications, Inc. is an American telecommunications and mass media company with services branded as Spectrum. Charter is the fifth-largest telephone provider based on number of residential lines. Its brand of Spectrum services include internet access, internet security, managed services, and unified communications.

12. Defendant is located and doing business within this District and Division.

13. At all relevant times, Plaintiffs were employees of Defendant within the meaning of the ADEA.

## ADMINISTRATIVE PREREQUISITES

14. Plaintiffs have met all administrative conditions precedent for the filing of this case under The Age Discrimination in Employment Act. Plaintiffs timely

3

filed charges of age discrimination and received their Dismissal and Notice of Rights. Plaintiffs have timely brought this action following the issuance of their Dismissal and Notice of Rights from the EEOC.

15. Plaintiff timely filed their charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") setting forth claims of age discrimination against Defendant within 180 days of the occurrence of the last discriminatory act, i.e., their terminations.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b).

17. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

## STATEMENT OF FACTS

### A.   DONNA GRISSETT

18. Plaintiff Grissett began working for Defendant on July 1, 2001, as a Call Center Manager.

19. In 2004, local call centers were eliminated, responsibilities were shifted to multiple stores in multiple cities and job titles were changed to Store Manager.

20. In 2012, Store Managers were reassigned to reporting to the marketing group. Therefore, Store Managers had to reapply for their jobs.

21. At this time, Plaintiff Grissett's duties and responsibilities were increased to include 12 stores in both Alabama and Georgia.

22. Throughout these years, Store Managers were sometimes furnished company cars for their travels, or they used their personal cars and submitted monthly expense reports for mileage.

23. Job titles changed throughout the years and changed from Store Managers to Area Managers, and finally to Territory Managers.

24. In January of 2023, after Plaintiff Grissett returned from FMLA leave, two Territory Managers spoke with her, at different times, and stated they were now renting cars for their travels.

25. Based on this information, Plaintiff Grissett asked her District Manager if she could begin renting a vehicle for work-related travel. Her District Manager told Plaintiff Grissett that she could rent a vehicle and reminded her to turn in her monthly expense report regarding same.

26. The use of rental cars, approved by their supervisors, helped save on travel expenses since in their large territories payment of mileage would be more expensive. In addition, monthly car rentals also provided lower rates than short term weekly rentals, which also saved on travel expenses.

27. Plaintiff Grissett turned in her expense reports monthly through the company expense system, Concur, for review and approval. Also, all rental cars

were booked by Plaintiff Grissett through the Concur system. All of Plaintiff Grissett's expenses regarding her car rental were approved. She was never questioned, counseled or written up regarding the use of rental cars.

28. Around June 2024, the management team in South Carolina to which the Districts and Territories reported, in which Plaintiff Grissett was a part, was disbanded and Plaintiff Grissett and the others team members were reassigned to the Florida management team.

29. When Plaintiff Grissett first met the new management team, one of the Supervisors ask her when they (her and the other territory managers) were all retiring. On several occasions, the new Supervisors made comments about their ages and asked when they were going to retire.

30. The new Supervisors and management team were aware that Plaintiff Grissett and the other Territory Managers were renting vehicles and never made any comments regarding their use of the same.

31. After the change in leadership management, Plaintiff Grissett and the team were not given any new instructions on the car rental process or the use of rental cars. Therefore, Plaintiff Grissett continued to rent vehicles and submit her expense report each month through Concur as she had done in the past. Each month, these expense reports were approved.

32. On or about October 21, 2024, each of the four Alabama Territory

Managers were scheduled individual meetings, in Birmingham, Alabama, with a male named Joe LNU from Missouri, and HR Manager, Anton Shelton.

33. During her meeting, Plaintiff Grissett was questioned by Joe about her rental car(s) and expense(s) procedures. Plaintiff Grissett answered all questions posed to her during this meeting regarding rental cars and expenses.

34. Plaintiff Grissett was scheduled for PTO on October 22, 2024, so her rental car was turned in on October 21, 2024.

35. Plaintiff Grissett did not rent a vehicle for her store travels when she returned from vacation.

36. In November of 2024, the new District Manager Maurilio Sauceda had a meeting with three of the Territory Managers to discuss store business. During this meeting, Plaintiff Grissett was again asked about rental cars. Mr. Sauceda had stated in a meeting in October 2024 that rental cars had to be picked up on Monday and returned on Friday. This was the first time Plaintiff Grissett had been information of this fact regarding renting cars since she started renting cars in January of 2023.

37. Because Plaintiff Grissett's stores were in both Central and Eastern time zones, she did not rent a car again for her store visits as the pick-up and drop-off times in the different time zones did not work for her travel schedule. She used her own personal car for work travel.

38. On December 3, 2024, when Plaintiff Grissett was at the LaGrange, Georgia store, she was brought into a meeting and told that she was being terminated for renting a car longer than a week. She was also told this was a travel and expense policy violation.

39. Plaintiff Grissett had never been told her previous car rental practices were a violation of any policy. Plaintiff Grissett's expense reports with the rental car receipts had always been approved when she submitted them.

40. Defendant's Travel and Expense policy does not state anything about rental cars only being rented Monday through Friday.

41. Plaintiff Grissett had never been told, counseled or warned, prior to her termination, that the rental car procedure she and other older Territory Managers were using was in violation of any company policy.

42. Plaintiff Grissett also learned that three of the older Territory Managers in Alabama were also terminated for the same alleged reason on December 3, 2024.

43. A fourth Territory Manager, who was younger than Plaintiffs, was not terminated even though she had been practicing the same rental car procedure as Plaintiff Grissett and other older Territory Managers. This younger Territory Manager was treated differently than Plaintiff Grissett, and the other older Territory Managers.

44. On December 3, 2024, Plaintiff Grissett was terminated due to her age.

45. Plaintiff Grissett was replaced by a younger employee who began performing her job duties and responsibilities.

46. Throughout Plaintiff Grissett's employment with Defendant, she was discriminated against and treated differently in the terms and conditions of her employment because of her age in violation of the ADEA.

47. Younger employees were not treated in the adverse and discriminatory manner in which Plaintiff Grissett was treated.

48. Plaintiff Grissett has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement, lost back-pay, declaratory judgment, injunctive relief, and compensatory and liquidated damages is her only means of securing adequate relief.

49. Plaintiff Grissett is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this ADEA cause of action.

    **B.**    **JUSTIN JACOBS**

50. During his employment, Territory Managers, including Plaintiff Jacobs, were allowed to rent vehicles approved by their supervisors, to save on travel expenses. This practice was done due to having large territories. Monthly car rentals also offered lower rates than short term weekly rentals, which also saved on travel expenses.

51. During his employment, Plaintiff Jacobs turned in his expense reports monthly for approval and payment. Plaintiff Jacobs' practice of renting a car and turning in expense reports for the same were always approved and paid. The expense reports were never questioned.

52. Furthermore, the Travel and Expenses Policy was never mentioned or discussed with Plaintiff Jacobs during his employment.

53. On or about October 22, 2024, a meeting was held in Birmingham, Alabama with eight Territory Managers, including Plaintiff Jacobs.

54. The Territory Managers were told the meeting was about a legal investigation that was underway and they needed the Territory Managers to help with information regarding travel and expenses.

55. During this Birmingham meeting, Plaintiff Jacobs and the other Territory Managers were also told that they were being personally investigated for travel and expenses issues. Again, this was the first time Plaintiff Jacobs had ever been questioned about his car rentals and expenses. Throughout his employment, all of his car rentals and expenses had been submitted and approved pursuant to Company policy.

56. On December 3, 2024, Plaintiff Jacobs was told that he was being terminated for violating the travel and expense policy.

57. Plaintiff Jacobs had never been told his previous car rental practices

were a violation of any Company policy. He had never been disciplined or counseled regarding his car rental practices. All of his car rental expenses were submitted and approved.

58. Defendant's Travel and Expense policy does not state anything about rental cars only being rented Monday through Friday.

59. Prior to his termination, Plaintiff Jacobs had never been told or warned that the rental car procedure he and other Territory Managers were using was in violation of any company policy.

60. Plaintiff Jacobs also learned that three of the older Territory Managers in Alabama were terminated for the same alleged reason as him on December 3, 2024.

61. A fourth Territory Manager, who was younger than Plaintiffs, was not terminated even though she had been practicing the same rental car procedure as Plaintiff Jacobs and other older Territory Managers. This younger Territory Manager was treated differently than Plaintiff Jacobs, and the other older Territory Managers.

62. On December 3, 2024, Plaintiff Jacobs was terminated due to his age.

63. Plaintiff Jacobs was replaced by a younger employee who began performing his job duties and responsibilities.

64. Throughout Plaintiff Jacobs' employment with Defendant, he was

discriminated against and treated differently in the terms and conditions of his employment because of his age in violation of the ADEA.

65. Younger employees were not treated in the adverse and discriminatory manner in which Plaintiff Jacobs was treated.

66. Plaintiff Jacobs has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement, lost back-pay, declaratory judgment, injunctive relief, and compensatory and liquidated damages is his only means of securing adequate relief.

67. Plaintiff Jacobs is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this ADEA cause of action.

## COUNT ONE - AGE DISCRIMINATION

68. Plaintiffs re-allege and incorporate by reference paragraphs 1-67 above with the same force and effects as if fully set out in specific detail herein below. This Count addresses those claims seeking to redress the unlawful employment practice of age discrimination conducted by Defendant's agents and employees and ratified by Defendant, and protected by federal law that prohibits age discrimination.

69. This is an action to redress grievances resulting from acts of Defendant, its agents, servants, and employees committed with respect to Plaintiffs' employment and for a permanent injunction restraining Defendant from maintaining

a policy and practice of discriminating against Plaintiffs Grissett and Jacobs and other persons similarly situated on account of age.

70. Plaintiffs Grissett and Jacobs are over the age of forty (40) and members of a protected group.

71. Plaintiffs Grissett and Jacobs were qualified to perform the job duties of Territory Manager and had conducted duties consistent with the position in a satisfactory manner during their employment with Defendant.

72. Plaintiffs Grissett and Jacobs were employed as Territory Managers prior to their discriminatory termination of employment on December 3, 2024.

73. Plaintiffs Grissett and Jacobs were subjected to discriminatory treatment in the terms and conditions of their employment based on age by Defendant and was terminated based on their age by Defendant.

74. Younger employees were not treated in a discriminatory manner and at all times were treated more favorable than Plaintiffs Grissett and Jacobs with respect to the terms and conditions in their employment with Defendant.

75. Younger employees were not terminated when Plaintiffs were terminated, and these younger employees were following the same policy and procedure as Plaintiffs were regarding car rental and expenses.

76. Plaintiffs were directly affected by the discriminatory practices described in this Complaint.

77. The systemic discrimination, as previously set forth, further adversely affected Plaintiffs by promoting and reinforcing age bias in the workplace.

78. Plaintiffs made good faith complaints in opposition to the age discrimination to which Plaintiffs were subjected.

79. Defendant intentionally and maliciously discriminated against Plaintiffs Grissett and Jacobs by treating them differently in the terms and conditions of their employment and by discriminatorily terminating their employment. All of this conduct was in violation of ADEA.

80. As a proximate result of Defendant's unlawful intentional discrimination, Plaintiffs Grissett and Jacobs suffered different terms and conditions of employment than their younger co-workers and were deprived of income and other benefits due to them.

81. Such unlawful employment practices proximately caused Plaintiffs to suffer severe emotional distress, physical injury and pain, mental anguish, embarrassment, humiliation, shame, trauma, financial duress, wage and benefit loss, and financial loss for which they claim damages.

82. Plaintiffs seek declaratory and injunctive relief, reinstatement, award of lost employment benefits and wages, back pay, front pay, interest, liquidated damages, costs, attorneys' fees, and any and all other such relief the trier of fact may assess.

83. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back-pay, an injunction, and compensatory and liquidated damages is their only means of securing adequate relief.

84. Plaintiffs are suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct in violation of ADEA as set forth herein unless enjoined by this Court.

85. Plaintiffs have satisfied all administrative prerequisites to bringing his ADEA claims:

A. Plaintiff Grissett timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission against Defendant alleging age discrimination on December 18, 2024, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B. Plaintiff Jacobs timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission against Defendant alleging age discrimination on December 18, 2024, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

C. On or about March 12, 2025, the Equal Employment Opportunity Commission issued to Plaintiff Grissett the Dismissal and Notice of Rights on her EEOC Charge.

D.   On or about April 17, 2025, the Equal Employment Opportunity Commission issued to Plaintiff Jacobs the Dismissal and Notice of Rights on his EEOC Charge.

E.   This complaint has been filed within 90 days of Plaintiffs Grissett's and Jacobs' receipt of their notification of their Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs request the following relief:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of Plaintiffs as secured by ADEA.

2.   Grant Plaintiffs a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

3.   Grant Plaintiffs an order requiring the Defendant to make them whole by awarding Plaintiffs Grissett and Jacobs reinstatement into the position they would have occupied in the absence of age discrimination by the Defendant with the same seniority, leave and other benefits of the position (or front-pay), back-pay (with interest), lost benefits, and by awarding compensatory, nominal and/or liquidated

damages, attorney's fees, costs, and expenses.

4.  Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

### PLAINTIFFS REQUEST A JURY TRIAL ON CLAIMS TRIABLE TO A JURY

Respectfully submitted,

/s/ **_Candis A. McGowan_**
Candis A. McGowan
Lacey K. Danley
Counsel for Plaintiffs
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
cmcgowan@wigginschilds.com
ldanley@wigginschilds.com

OF COUNSEL:

Matthew W. White
MWW, LLC
P.O. Box 2507
3120 Frederick Road, Suite J (36801)
Opelika, Alabama 36803
334/431-3777
mwhite@theworklawfirm.com

**DEFENDANT'S ADDRESS:**

Serve Via Certified Mail -

    Charter Communications, Inc.
      d/b/a Spectrum
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104